(731 P.2d 1288)

No. 59,324

EUGENE J. KUBICKI, SR., *Appellant*, v. WYANDOTTE COUNTY RACE TRAINING STABLES, *Appellee*.

Opinion filed January 29, 1987.

*Michael Y. McCormick*, of McDowell, Rice & Smith, Chartered, of Kansas City, for appellant.

*Robert E. Jenkins*, of Robert E. Jenkins, Chtd., of Kansas City, for appellee.

Before MEYER, P.J., REES and DAVIS, JJ.

REES, J.: Plaintiff appeals from an adverse final decision entered in this Chapter 61 action. A single issue is raised: Was it error for the trial judge to set aside the default judgment entered against defendant? On that question only we reverse; no other question has been raised or addressed by the parties.

Initially, we observe that the true defendant is Ms. Jimmie Hollyfield, d/b/a Wyandotte County Race Training Stables. We will refer to her as the defendant.

On September 26, 1985, the plaintiff filed a Chapter 61 petition for the recovery of $600 from defendant. On September 27, 1985, defendant was personally served in Wyandotte County, Kansas, with summons and a copy of the petition. The summons directed the defendant to answer or otherwise appear at or before 9:00 a.m. on October 21, 1985. Defendant failed to answer or otherwise appear as directed. On October 21, 1985, the trial judge entered a default judgment for $600 in favor of plaintiff. Seventeen days after entry of the default judgment, on November 7, 1985, defendant filed and served a motion to set aside the default judgment under K.S.A. 61-1721. The essence of the asserted ground for relief was excusable neglect in that the

failure to appear was solely by reason of defense counsel's inaction. The trial court granted the motion. Defendant filed an answer and a counterclaim. The journal entry of judgment filed after trial held on January 6, 1986, recites that: "Judgment is entered for the defendant on its [counterclaim] in the amount of $120.00. The plaintiff's claim is denied . . . ."

Did the trial court err in setting aside the default judgment? K.S.A. 61-1721, which governs the granting of default judgments in Chapter 61 actions, provides:

"If any defendant in an action commenced pursuant to this chapter fails to file an answer or to appear, personally or by counsel, at the time specified in the summons, . . . the cause may proceed, upon proof of service as provided by law, at the request of the plaintiff without further notice, and judgment may be rendered against any such defendant. . . . For good cause shown, the court *may* set aside a judgment entered by default in accordance with the applicable provisions of subsection (b) of K.S.A. 60-260, *except that* a motion to set aside a default judgment *shall* be made not more than ten (10) days from the date of such judgment in an action where defendant was personally served within the state . . . ." (Emphasis added.)

A statute is to be interpreted so as to give it the effect intended by the legislature. The purpose and intent of the legislature governs when the intent can be ascertained from the statute. Words in common usage should be given their natural and ordinary meaning in arriving at a proper construction of the statute. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 634-35, 694 P.2d 462 (1985).

The word "shall" appearing in the quoted K.S.A. 61-1721 language is mandatory language. To read "shall" to mean "may" would render meaningless the explicit statutory words "except that a motion to set aside a default judgment shall be made not more than ten (10) days from the date of such judgment in an action where defendant was personally served within the state."

The language of K.S.A. 61-1721 is analogous to K.S.A. 60-260(b). In the latter, a motion to set aside a judgment on any of the grounds enumerated in K.S.A. 60-260(b)(1), (2), and (3) "shall be made . . . not more than one year after the judgment, order, or proceeding was entered or taken." In *Jones v. Jones*, 215 Kan. 102, 114-15, 523 P.2d 743, *cert. denied* 419 U.S. 1032 (1974), it is held that motions to set aside judgments based on K.S.A. 60-

260(b)(1-3) must be filed within one year or the movant is precluded from attacking the decree on those grounds.

By clear legislative language, when a defendant is "personally served within the state" in a Chapter 61 action, he has only 10 days following entry of default judgment within which to make a motion to set aside such a judgment. If service other than "personal service within the state" is made, then the defendant is allowed 45 days within which to make a motion to set aside a default judgment. K.S.A. 61-1721.

" 'The term "personal service" has a fixed and definite meaning in law. It is service by delivery of the writ to the defendant personally. Other modes of service may be given the force of such service by legislative enactment, but the use of the words "personal service," unqualifiedly, in a statute, means actual service by delivering to a person and not to a proxy.' " *Thisler v. Little*, 86 Kan. 787, 789, 121 Pac. 1123 (1912).

We conclude and hold that "personally served," as those words are used in the K.S.A. 61-1721 language "a motion to set aside a default judgment shall be made not more than ten (10) days from the date of such judgment in an action where defendant was personally served within the state," requires service as described in K.S.A. 1986 Supp. 61-1805(a)(1)(A) as distinguished from all other modes of service referred to in K.S.A. 1986 Supp. 61-1805 and K.S.A. 1986 Supp. 61-1806.

Defendant was personally served within the state. She had only ten days within which to make a motion to have the October 21, 1985, default judgment set aside under K.S.A. 61-1721. Defendant's motion was not made until 17 days after entry of that judgment. The trial court had no power under K.S.A. 61-1721 to set aside the default judgment.

The trial court's decision to set aside the October 21, 1985, default judgment in favor of the plaintiff is reversed and vacated. The case is remanded to the district court.

MEYER, J., concurring: I concur in the result.