(861 P.2d 129)

No. 68,613

MIDLAND BANK OF OVERLAND PARK, *Appellee,* v. LAWRENCE H. RIEKE and DANA ZARDA RIEKE, *Appellants.*

Opinion filed October 1, 1993.

*John Ivan* and *Jennifer L. Lewis,* of Shawnee Mission, for the appellants.

*Jo Ann Butaud* and *Richard A. Carnahan,* of Evans & Mullinix, P.A., of Lenexa, and *Ann DuRoss,* assistant general counsel, *Colleen B. Bom-*

*bardier*, senior counsel, and *Michelle Kosse*, counsel, Federal Deposit Insurance Corporation, of Washington, D.C., for the appellee.

Before PIERRON, P.J., BRAZIL, J., and JAMES J. SMITH, District Judge, assigned.

SMITH, J.: Defendants, Lawrence and Dana Rieke, appeal from entry of a default decree of foreclosure against them and an order denying their motion to set aside the default judgment.

They allege they were entitled to notice of the default hearing under the provisions of K.S.A. 60-255(a) due to contacts they had with plaintiff and plaintiff's counsel during the pendency of the action and that the trial court abused its discretion by denying their motion to set aside the default judgment under K.S.A. 60-260. We affirm.

On March 1, 1991, Lawrence and Dana Rieke executed a promissory note with College Boulevard National Bank (Bank) for a $600,000 purchase money loan. To secure their obligation, the Riekes mortgaged three tracts of land acquired with the purchase money loan. The note required the Riekes to make one interest payment on February 24, 1992. The remaining principal and unpaid interest was due on the maturity date, February 18, 1993. An acceleration clause in the note allowed the Bank to declare all principal and unpaid interest to be immediately due upon default.

The Riekes did not make the interest payment on February 24, 1992. On February 26, 1992, Lance Curry, vice-president for the Bank, sent the Riekes a demand letter requesting the entire indebtedness owed on the note, plus interest at the default rate. The letter also informed the Riekes that, if they did not pay the amounts due, the Bank would seek "any and all legal recourse available to it."

Curry and Lawrence Rieke talked by phone several times after the Riekes received Curry's demand letter. The content of their discussions is disputed. The Bank, renamed Midland Bank, filed a foreclosure petition against the Riekes and other interested parties on April 30, 1992. Service was achieved on Lawrence and Dana on May 1, 1992. Lawrence contends he continued to negotiate a settlement agreement with Curry. The Riekes did not

file a responsive pleading or motion in the case. They had no contact with the court.

At some time after the foreclosure petition was filed, Lawrence delivered a check, dated June 15, 1992, for $65,000 to the Bank. Curry inquired whether there were sufficient funds to cover the check from the payor bank. There were not. Lawrence Rieke admits there was not enough money in the account on which the check was drawn to cover the check. On July 7, 1992, the Bank's attorney returned the check to the Riekes by certified mail and, in an accompanying letter, informed them that their loan would not be reinstated.

On July 13, 1992, the Bank received a default judgment and decree of foreclosure against the Riekes and the partnership which then owned the mortgaged tracts of land. Lawrence claimed, at the hearing to set aside the judgment, that he had just returned from a three and one-half week family vacation in Virginia. He testified that because he was in Virginia, he did not receive the Bank's attorney's letter of July 7, 1992.

The Riekes' motion to set aside the default judgment was denied by the trial court by order filed on August 7, 1992.

It is undisputed that the Riekes did not file any pleading, responsive pleading, or motion in the case and did not have any contact with the court concerning the case. The Riekes claim they appeared in the action by negotiating for a settlement with Lance Curry and by contact with plaintiff's counsel after they were served. They claim they were entitled to notice pursuant to K.S.A. 60-255(a), as such contacts constituted an appearance in the action.

The trial court indicated its belief that contacts between Lawrence and Lance Curry, and between Lawrence and the Bank's attorney, may have constituted an appearance requiring K.S.A. 60-255(a) notice. We find this statement to mean that the trial court did not decide the issue but assumed for the sake of argument that the Riekes had appeared. The journal entry does not state whether the court found that the Riekes appeared in the action. The trial court stated that the Bank's attorney's letter of July 7, 1992, was sufficient notice in the case, however, to satisfy K.S.A. 60-255(a).

The letter, dated July 7, 1992, informed the Riekes that the June 15, 1992, check for $65,000 was being returned, that the Bank was not going to reinstate the loan, and that "the bank intends to proceed with the foreclosure which is in progress." A journal entry of default judgment, dated July 10, 1992, was filed on July 13, 1992. The record does not indicate on what date the hearing was held or if there was in fact a hearing.

Whether a party has complied with the notice provision of K.S.A. 60-255(a) is a matter of law. This court's review of questions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). The July 7, 1992, letter is not sufficient to satisfy K.S.A. 60-255(a). K.S.A. 60-255(a) states in part: "If the party against whom judgment by default is sought has appeared in the action, he or she . . . shall be served with *written notice of the application for judgment* at least three (3) days prior to the hearing on such application." The letter did not mention any application for default judgment or that a hearing was going to be held. It did state that the foreclosure was in progress. This vague statement was surplusage in light of the fact that foreclosure proceedings had been in progress since plaintiff filed the petition in May. The trial court erred in such determination as the notice was insufficient as a matter of law.

The trial court did not make factual findings sufficient for this court to determine whether the Riekes' actions after being served constituted an appearance sufficient to invoke the K.S.A. 60-255(a) notice requirement. Lawrence claims he discussed settlement of the matter numerous times with Lance Curry. He also testified that he, in fact, reached a settlement agreement with Curry and the Bank that if he tendered a check for $65,000, the Bank would reinstate the original note and dismiss the foreclosure action.

It is undisputed that the Riekes had no formal or informal contact with the court after being served. The only contacts they allege were with the plaintiff Bank and its attorney. The Bank correctly points out that no Kansas case has held that informal communications between the parties or a party and opposing counsel is sufficient to constitute an appearance for K.S.A. 60-255(a) purposes. This court, in *Hood v. Haynes*, 7 Kan. App. 2d 591, 593-97, 644 P.2d 1371 (1982), reviewed certain cases which

indicated that in other jurisdictions, such communications can, in some cases, constitute an appearance. *Hood* did not decide the issue, as informal communications with the court had been initiated in that case. This court, in *Wellsville Bank v. Sutterby*, 12 Kan. App. 2d 585, 588, 752 P.2d 700 (1988), assumed for the purpose of discussion, and "without so holding," that the out-of-court execution of a new note constituted an "appearance" within the meaning of K.S.A. 60-255(a). The trial court, in the *Wellsville* case, had apparently set aside the default judgment on K.S.A. 60-260 grounds.

This is, thus, a case of first impression in Kansas. We find K.S.A. 60-255 is clear and unambiguous. Notice is required to those who have "appeared in the action." Informal communications between parties and between a party and opposing counsel are not an appearance under K.S.A. 60-255(a). An appearance must be by contact with the court sufficient to place the court on notice of the intent of the party to defend the suit. A defendant is put on notice of this requirement by a summons substantially similar to the summons illustrated by K.S.A. 60-269.

While determination of whether a party has appeared in an action under K.S.A. 60-255(a) is a matter of law, such a determination will depend upon the factual background of a given case. The trial court did not make findings of fact on this issue. We assume the Riekes' version of the facts is correct for the purpose of this issue. However, it is undisputed that no contact was had with the court concerning this action.

We find, as a matter of law, the Riekes did not appear in the action sufficient to invoke the K.S.A. 60-255(a) notice requirement.

This does not leave parties negotiating in good faith at the mercy of unscrupulous opponents who indicate forbearance but proceed to obtain a default judgment. They have the K.S.A. 60-260 remedies, which include those provided by K.S.A. 60-260(b)(3). Those remedies are adequate to protect defendants who fail to take action as required by the summons due to "fraud . . . , misrepresentation or other misconduct of an adverse party." The Riekes did not allege such ground in their motion under K.S.A. 60-260 or in their brief herein.

The Riekes' second issue is whether the trial court abused its discretion by denying the Riekes' motion to set aside the default judgment under K.S.A. 60-260. For the purpose of this issue, the trial court made findings of fact on the record and in the order filed August 7, 1992. Those finding are sufficient and are relied upon by this court. The relevant findings include a finding the Riekes had no meritorious defense to the foreclosure.

A trial court may set aside a default judgment for good cause in accordance with K.S.A. 60-260(b). K.S.A. 60-255(b). The Riekes sought relief under K.S.A. 60-260(b)(1) and (6).

A ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court. In the absence of a showing of abuse of discretion, an appellate court will not reverse the trial court's order. *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989), *cert. denied* 495 U.S. 932 (1990).

"Defaults are not favored in law but become necessary when the inaction of a party frustrates the orderly administration of justice. In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that cases may be decided on their merits. [Citation omitted.]" 245 Kan. at 495.

The Supreme Court has indicated that a trial court may grant relief under K.S.A. 60-260(b) if the court finds that (1) the non-defaulting party will not be prejudiced by the reopening, (2) the defaulting party has a meritorious defense, and (3) the default was not the result of inexcusable neglect or a willful act. *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 20, 558 P.2d 101 (1976).

Further, the court has indicated that when a defaulting party has shown no meritorious defense, a trial court is precluded from granting relief under K.S.A. 60-260(b) except in cases where the judgment is void. 221 Kan. at 20.

It is undisputed that the Riekes failed to make the interest payment as required in the promissory note and that the contract allowed for acceleration upon default. The trial court found that the Riekes had shown no meritorious defense to the foreclosure action. The Riekes assert they have a meritorious defense to the foreclosure action. Their defense is that they reached a settlement agreement with the Bank that if they tendered a $65,000 check, the Bank would drop the foreclosure suit and reinstate the loan.

Lance Curry, the Bank vice-president, stated there was no such agreement. He testified that when he talked with Lawrence by phone, he informed Lawrence of the amounts due and unpaid. He testified, though, that he never told Lawrence the Bank would allow him to reinstate the loan. Curry testified Lawrence would make different offers every time they talked by phone, and the Bank was simply not interested in any of those offers. The Riekes finally dropped a check off at the drive-through teller's window. However, there was not enough money in the account on which the check was drawn to cover it. The Riekes never did wire the funds to cover the check. They went on a three and one-half week vacation in Virginia. Even if there had been a settlement as described by the Riekes, they did not fullfill their part of it.

The trial court did not err by concluding the Riekes had no meritorious defense to the foreclosure action. Further, a trial court's power to grant relief from judgment under K.S.A. 60-260(b)(6) is not provided in order to relieve a party from free, calculated, and deliberate choices. *Neagle v. Brooks*, 203 Kan. 323, 328, 454 P.2d 544 (1969). A party remains under a duty to take legal steps to protect his or her interests. 203 Kan. at 238. The evidence adduced at the set-aside hearing suggests the Riekes' failure to file a response in the case was a free, calculated, and deliberate choice on their part. Lawrence Rieke testified he informed his attorney of the suit but did not instruct him to file an entry of appearance in the case. The findings of the trial court are sufficient to cause this court to determine the neglect of the Riekes was inexcusable. The Riekes have not shown that the trial court abused its discretion by denying their request to set aside the default judgment pursuant to K.S.A. 60-260(b)(1) or (b)(6).

The plaintiff briefed and argued the applicability of *D'Oench Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 86 L. Ed. 956, 62 S. Ct. 676 (1942), alleging certain defenses because the FDIC was appointed receiver to plaintiff's successor bank on April 2, 1993. The *D'Oench Duhme* doctrine was not raised before the trial court at the final hearing on August 3, 1992. The issue cannot be raised for the first time on appeal and is moot, as the judgment has been affirmed.

Affirmed.