(956 P.2d 729)

No. 76,670

ROSE & NELSON, A Partnership, *Appellee*, v. ANN FRANK (MADUROS), *Appellant*.

Opinion filed March 20, 1998.

*William F. Schoeb*, of Overland Park, and *John W. McClelland*, of Schlomann McClelland, P.C., of Kansas City, Missouri, for appellant.

*Ronald W. Nelson* and *Mary Ellen Rose*, of Rose & Nelson, of Overland Park, for appellee.

Before ROYSE, P.J., MARQUARDT and KNUDSON, JJ.

KNUDSON, J.: Ann Frank (now Maduros) appeals from the district court's denial of her motion to set aside a default judgment for $23,664.01 entered in this Chapter 61 action. The issues raised on appeal require us to consider whether informal discussions between attorneys may constitute an appearance and whether Frank was required by law to file her motion to set aside the judgment within 10 days after judgment is entered.

Frank had previously been represented by Mary Ellen Rose of the law firm Rose & Nelson in domestic litigation, and at its conclusion Frank refused to pay the balance billed her for attorney fees. This Chapter 61 action was commenced. Frank, who had been personally served, failed to appear at the time required in the summons, and default judgment was entered. Twenty-seven days

after entry of judgment, Frank filed her motion to set aside the default judgment. Both the district magistrate judge and the district judge, to whom appeal was taken, denied Frank's motion, concluding K.S.A. 61-1721 requires that a motion to set aside a default judgment in a Chapter 61 proceeding must be filed within 10 days after entry of judgment.

On their face, the above facts would seem to dictate a rather straightforward issue with a rather obvious conclusion. However, the following circumstances under which Frank defaulted need to be given careful consideration.

John McClelland was employed by Frank to represent her in the Chapter 61 litigation. Three days before the appearance date, McClelland contacted Rose and informed her that Frank was unhappy with her prior legal representation and believed the attorney fee charges were exorbitant. McClelland suggested that the parties attempt to resolve the dispute through mediation. According to McClelland, Rose was receptive to mediation, agreed to a 30-day extension of time for Frank to file her answer and counterclaim, and would consider an individual he recommended as mediator. In the meantime, there was the problem of the impending appearance date to be dealt with. Rose told McClelland that a motion requesting an extension of time must be filed for consideration by the magistrate judge on the appearance date. Rose's version of the telephone conference is somewhat different than McClelland's. According to Rose, she entered into no agreement to delay the action or to engage in mediation, but specifically told McClelland to file an answer. When McClelland suggested that filing an answer with a counterclaim alleging malpractice would be counterproductive if mediation was a possibility, Rose told him to get something on file for the district magistrate to consider.

McClelland failed to file a responsive pleading or appear on Frank's behalf on the appearance date. McClelland forthrightly acknowledges a motion for extension of time had been prepared and was misfiled in his office and never presented to the district court. Rose appeared at the time scheduled for appearance by Frank and took default judgment. A judgment form prepared by the magistrate was filed instanter. Frank's motion to set aside the

default judgment was denied by the magistrate judge and then appealed to the district judge. In an amended motion to set aside default judgment, Frank asked for permission to also file a counterclaim alleging malpractice, breach of contract, and breach of warranty by Rose & Nelson. The district judge, in denying Frank's motion, stated:

"In oral argument, the parties raised or mentioned matters relating to comity, ethical considerations in communications between lawyers, the reasonableness of plaintiff's fees charged to defendant in the prior divorce action and defendant's counterclaims sought to be asserted in this action (unreasonable attorney fees, professional negligence, breach of express and implied warranties, breach of contract). No findings or determination is made with respect to those matters.

"For purposes of the motion, the court accepts and considers each attorney's statement of facts with respect to the January 8, 1996 phone call as being correct.
. . . .

"The legal principles controlling the decision are those stated in *Kubicki v. Wyandotte County Race Training Stables*, 11 Kan. App. 2d 629 (1987) and *Midland Bank of Overland Park v. Rieke*, 18 Kan. App. 2d 830 (1993).

"The default judgment was granted January 11, 1996. Defendant's motion to set aside the default judgment was filed February 7, 1996, more than ten days after the date of the judgment. Under K.S.A. 61-1721, neither the Chapter 61 Court nor this Court had the power to set aside the default judgment."

Frank argues that the district court erred in determining that her attorney's informal contacts with Rose were not sufficient to constitute an appearance under K.S.A. 61-1721. Interpretation of a statute is a question of law over which this court has de novo review. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

K.S.A. 61-1721 provides, in material part:

"If any defendant to an action commenced pursuant to this chapter fails to file an answer or to appear, personally or by counsel, at the time specified in the summons, . . . . the cause may proceed, upon proof of service as provided by law, at the request of the plaintiff without further notice, and judgment may be rendered against any such defendant . . . . For good cause shown, the court may set aside a judgment entered by default in accordance with the applicable provisions of subsection (b) of K.S.A. 60-260, except that a motion to set aside a default judgment shall be made not more than ten (10) days from the date of such judgment in an action where defendant was personally served within the state . . . ."

What constitutes an appearance under K.S.A. 61-1721 is an issue of first impression. However, the appellate courts of our state have on several occasions considered what is an appearance for purposes of notice requirements and the entry of a default judgment under the code of civil procedure, K.S.A. 60-255(a). See *Jones v. Main*, 196 Kan. 91, Syl. ¶ 3, 410 P.2d 303 (1966) (litigant who has apprised opponent, through court, of his denial of the claim against him has appeared); *Sharp v. Sharp*, 196 Kan. 38, Syl. ¶ 2, 409 P.2d 1019 (1966) (request for bill of particulars constituted appearance); *Midland Bank of Overland Park v. Rieke*, 18 Kan. App. 2d 830, 834, 861 P.2d 129 (1993) (informal contacts with plaintiff not an appearance); *Hood v. Haynes*, 7 Kan. App. 2d 591, Syl. ¶ 1, 644 P.2d 1371 (1982) (informal contact with the court sufficient to constitute an appearance).

The factual situation most similar to the case before us is *Midland Bank*, 18 Kan. App. 2d 830. In that case, the bank made a secured loan to the Riekes, who then defaulted. The bank sent the Riekes a demand letter and began negotiating with Mr. Rieke. Eventually, the bank filed a foreclosure action and secured personal service of process upon the Riekes. The Riekes contended that they had continued to negotiate with the bank, but admitted that they did not file a responsive pleading and had no contact with the court.

Because the Riekes had not filed a responsive pleading, the bank did not give them 3 days' notice prior to requesting a default judgment as required under K.S.A. 60-255(a) for parties who have appeared in an action. The Riekes sought to have the default judgment set aside because they did not receive proper notice. A panel of the Court of Appeals held that their "contacts" were insufficient:

"It is undisputed that the Riekes had no formal or informal contact with the court after being served. The only contacts they allege were with the plaintiff Bank and its attorney. The Bank correctly points out that no Kansas case has held that informal communications between the parties or a party and opposing counsel is sufficient to constitute an appearance for K.S.A. 60-255(a) purposes. . . .

"This is, thus, a case of first impression in Kansas. We find K.S.A. 60-255 is clear and unambiguous. Notice is required to those who have 'appeared in the action.' *Informal communications between parties and between a party and opposing counsel are not an appearance under K.S.A. 60-255(a). An appearance*

*must be by contact with the court sufficient to place the court on notice of the intent of the party to defend the suit.* A defendant is put on notice of this requirement by a summons substantially similar to the summons illustrated by K.S.A. 60-269." (Emphasis added.) 18 Kan. App. 2d at 833-34.

We find the interpretation of K.S.A. 60-255(a) in *Midland Bank* logical and persuasive. It requires that there be an appearance by communication with the trial court, not the opposing party or that party's attorney. Such an interpretation avoids ethical entanglements, misunderstandings, and deception; it crystallizes the circumstances under which there is a default; and it imports a clear meaning to the party to be charged. It has the secondary value of allowing the trial court to have control over its docket rather than the parties. K.S.A. 61-1721 deals with essentially the same subject matter as does K.S.A. 60-255(a). We do not believe there is any justification for an interpretation of what is required for an appearance in a Chapter 61 proceeding that is inconsistent with what is required in a Chapter 60 proceeding. We hold as a matter of law that informal communications between parties or between a party and opposing counsel or between counsel are not an appearance under K.S.A. 61-1721. We adopt the language from *Midland Bank*: "An appearance must be by contact with the court sufficient to place the court on notice of the intent of the party to defend the suit." 18 Kan. App. 2d at 834.

Frank also contends, in the alternative, that the district court erred in failing to set aside the default judgment without considering her allegations of fraudulent activity on the part of Rose. Frank argues that "it is unreasonable to assume that the Kansas legislature intended to provide such an extremely limited time period for seeking relief from a judgment obtained by fraud."

Relying on *Kubicki v. Wyandotte County Race Training Stables*, 11 Kan. App. 2d 629, 631, 731 P.2d 1288 (1987), the district court refused to consider the issue of fraud because Frank's motion to set aside was filed more than 10 days after the entry of default judgment.

In *Kubicki*, the plaintiff filed a Chapter 61 action against the defendant, who was personally served within the state. The defendant did not appear on the hearing date, and the plaintiff took

default judgment. Seventeen days later, the defendant filed a motion to set aside, asserting that her failure to appear was solely due to her defense counsel's inaction. The trial court granted the motion to set aside the default judgment.

On appeal, the Court of Appeals reversed and found that the trial court lacked the power to set aside the default judgment, stating:

> "By clear legislative language, when a defendant is 'personally served within the state' in a Chapter 61 action, he has only 10 days following entry of default judgment within which to make a motion to set aside such judgment. . . .
>
> . . . .
>
> "Defendant was personally served within the state. She had only ten days within which to make a motion to have the October 21, 1985, default judgment set aside under K.S.A. 61-1721. Defendant's motion was not made until 17 days after entry of that judgment. The trial court had no power under K.S.A. 61-1721 to set aside the default judgment." 11 Kan. App. 2d at 631.

We are mindful that there has been a significant enlargement of Chapter 61 jurisdiction since *Kubicki* was decided in 1987. The amount in controversy was then limited to $5,000, see K.S.A. 61-1603 (Ensley), whereas now, the jurisdiction is unlimited as to "an unsecured debt not sounding in tort and arising out of a contract for the provision of goods, services or money." Additionally, the monetary limit for other causes of action has been increased to $10,000. See K.S.A. 61-1603. These circumstances, however, do not support reconsideration of the holding in *Kubicki*. Its holding is clear: The trial court may set aside a default judgment for any of the reasons given under K.S.A. 60-260(b), provided the motion to do so is filed within 10 days from the date of judgment. The interpretation of K.S.A. 61-1721 was sound then, and it remains sound now. Under such circumstances, the question of whether more than 10 days should be authorized to move that a default judgment be set aside is distinctly a legislative question. We conclude the district court did not err in determining it lacked jurisdiction to set aside the default judgment entered against Frank.

Frank also argues that the 10-day limitation under K.S.A. 61-1721 violates due process of law. This argument was not raised before the district court. Ordinarily, issues not raised before the

trial court cannot be raised on appeal. See *Ripley v. Tolbert*, 260 Kan. 491, Syl. ¶ 6, 921 P.2d 1210 (1996).

Alternatively, we are not persuaded the 10-day limitation is constitutionally unreasonable. The essential elements of due process of law are notice and an opportunity to be heard. *Kyburz v. Franklin*, 23 Kan. App. 2d 423, 426, 934 P.2d 141 (1997). Additionally, a default judgment is not per se violative of due process. *In re Marriage of Welliver*, 254 Kan. 801, 812, 869 P.2d 653 (1994). Frank was provided with notice of the hearing and had the opportunity to appear. Parenthetically, we have been given no plausible reason why Frank's counsel did not appear at the date and time for answer when, under Frank's version of the facts, the magistrate judge would have taken up the issue of a continuance or extension. We conclude Frank's due process argument has no legal merit.

Affirmed.