(14 P.3d 1193)

No. 83,831

STATE OF KANSAS, *Appellee*, v. CLIFTON E. LOGAN, *Appellant*.

Opinion filed December 15, 2000.

*Daniel C. Estes*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Lesley A. McFadden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., RULON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

RULON, J.: Defendant Clifton E. Logan was convicted by a jury of driving while a habitual violator in violation of K.S.A. 1998 Supp. 8-287 and driving with an expired license tag. Defendant was sentenced to 13 months' imprisonment on the habitual violator charge and 6 months in jail on the expired tag charge. Defendant only appeals from the habitual driving charge. We reverse.

The sole issue raised in this appeal questions whether a person who has never obtained a valid driver's license may be convicted of driving while a habitual violator. This question involves statutory interpretation, which is a question of law. Therefore, this court has unlimited review. See *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 24, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998).

Recently, our Supreme Court addressed the parallel question of whether a person who has never obtained a valid driver's license may be convicted of driving while suspended. See *State v. Bowie*,

268 Kan. 794, 999 P.2d 947 (2000). The *Bowie* court reasoned that because Kansas law extends driving privileges only to those who have obtained a valid driver's license, a person who has never obtained a license does not possess any driving privileges which may be suspended or revoked for successive violations. See *Bowie*, 268 Kan. at 800-01.

Here, the defendant was convicted of driving while a habitual violator, in violation of K.S.A. 8-285; K.S.A. 1998 Supp. 8-286; and K.S.A. 1998 Supp. 8-287. K.S.A. 1998 Supp. 8-286 reads:

"Whenever the files and records of the division shall disclose that the record of convictions of any person is such that the person is an habitual violator, as prescribed by K.S.A. 8-285 and amendments thereto, the division promptly shall revoke the person's driving privileges for a period of three years."

K.S.A. 1998 Supp. 8-287 states that "[o]peration of a motor vehicle in this state while one's driving privileges are revoked pursuant to K.S.A. 8-286 and amendments thereto is a severity level 9, nonperson felony."

Clearly, a person cannot be convicted under K.S.A. 1998 Supp. 8-287 until his or her driving privileges have been revoked pursuant to K.S.A. 1998 Supp. 8-286 due to a finding that he or she is a habitual violator. Under the reasoning of *Bowie*, a person who has never obtained a driver's license has never obtained the privilege to drive in Kansas. Because the State cannot possibly revoke the driving privileges of a person who never obtained such privileges, the defendant in the present case cannot be convicted of a crime where an element of the crime is that the defendant's driving privileges had been revoked. The only crime available to the prosecution under the current legislative scheme is driving without a license, in violation of K.S.A. 1998 Supp. 8-235(a).

We reverse the defendant's conviction of driving while a habitual violator and remand with directions to the district court to vacate that portion of the defendant's sentence.