(197 P.3d 896)
No. 98,378

SOUTHWESTERN BELL YELLOW PAGES, INC., *Appellee*, v. BRIAN BEADLE, d/b/a AAA SEWER SERVICE, *Defendant*, and AIRTRAN AIRWAYS, INC., *Appellant*.

Opinion filed December 19, 2008.

*Stephen M. Kerwick* and *Shannon D. Wead*, of Foulston Siefkin LLP, of Wichita, for appellant.

*Donald C. Astle*, of Law Offices of Donald C. Astle, of Wichita, for appellee.

Before CAPLINGER, P.J., MARQUARDT and STANDRIDGE, JJ.

CAPLINGER, J.: AirTran Airways, Inc. (AirTran), garnishee, appeals from the district court's denial of its motion under K.S.A. 60-260(b) to set aside a default judgment obtained by the garnishor, Southwestern Bell Yellow Pages, Inc. (SWB), under K.S.A. 61-3514 based upon AirTran's failure to answer a wage garnishment order.

The district court entered default judgment against AirTran under K.S.A. 61-3514, which provides specific authority for entering a default judgment against a garnishee. However, that statute does not set out a mechanism or procedure whereby a garnishee may move to set aside a default judgment. SWB argued, and the district court agreed, that AirTran's motion to set aside the default judgment was barred by the 10-day limitation found in K.S.A. 61-3301(c) for filing a motion to set aside a default judgment in Chapter 61 actions. However, because we conclude that K.S.A. 61-3301(c) applies only to default judgments taken under section (a) of that statute, we hold the district court erred in relying upon K.S.A. 61-3301(c) to deny AirTran's motion to set aside the default judgment. We remand the case to the district court for consideration of AirTran's motion under K.S.A. 60-260(b).

*Factual and procedural background*

The procedural history of this case began more than 10 years ago in May 1996, when SWB filed a petition under the Kansas Code of Civil Procedure for Limited Actions, K.S.A. 61-2801 *et seq.*, to recover a debt from Brian A. Beadle, d/b/a AAA Sewer Service (Beadle). Beadle failed to appear for the hearing, and SWB obtained a default judgment against Beadle in the amount of $11,288.74, plus 18% interest and costs. SWB made several attempts to collect the judgment and renewed the judgment in 2001.

AirTran entered the picture more than 7 years later when the district court issued a wage garnishment order on November 14,

2003, to collect on the judgment, naming AirTran as the garnishee. AirTran received the order and answer form on November 17, 2003. AirTran prepared three answers, for pay periods ending November 24, December 8, and December 22, 2003. On December 30, 2003, AirTran mailed the answers, along with three checks in the amounts of $44.71, $30.24, and $22.10 to Donald C. Astle, counsel for SWB.

On January 27, 2004, SWB filed a motion for judgment against AirTran pursuant to K.S.A. 61-3514 for failure to answer the November 14 garnishment order. The motion sought $28,621.53 plus interest and attorney fees and alleged the "garnishee has failed to answer in the manner specified in the order of garnishment." SWB mailed the motion to AirTran, via certified mail, with notice of a hearing scheduled for February 6, 2004.

AirTran received the motion on January 27, 2004, and upon investigation discovered that SWB had not received the answers and checks mailed on December 30. AirTran stopped payment on the three checks on January 29, 2004, assuming they were lost in the mail. Significantly, AirTran reissued the checks on February 4, 2004, and provided the reissued checks and the answers to counsel for SWB.

Despite AirTran's prompt response to the motion, Astle proceeded to appear at the scheduled February 6, 2004, hearing on the motion for judgment. AirTran, however, believed the matter had been resolved by issuance of the replacement checks and did not appear. The district court granted judgment in favor of SWB for $28,611.46, plus interest, attorney fees, and costs. In doing so, the court noted AirTran's failure to appear, found that an order of garnishment was properly served upon AirTran, and found that AirTran failed to answer the garnishment order in the time and manner prescribed by law.

The record indicates SWB did not send any notification to AirTran of the judgment taken by SWB. In fact, the record indicates that the three replacement checks were cashed by SWB on March 6, 2004, and between January 30, 2004, and April 7, 2004, SWB accepted at least six more answers and payments from

AirTran pursuant to the wage garnishment order. SWB cashed those six checks between February 6, 2004, and April 14, 2004.

On April 23, 2004, SWB sent a "Full Release of Wage Garnishment" to AirTran via regular mail and filed the release with the district court on April 27, 2004. AirTran received the release on April 26, 2004, and AirTran's corporate office received the release on April 28, 2004. At that point, AirTran stopped further processing of the garnishment order. Between April 28, 2004, and February 28, 2005, AirTran received no correspondence from SWB.

Then, on February 28, 2005, Astle sent a letter to AirTran demanding payment in the amount of $28,861.46 and, for the first time, enclosed a copy of the February 6, 2004, journal entry of judgment entered against AirTran for failure to timely answer a wage garnishment order.

AirTran's payroll manager, Richard Teeter, promptly responded by letter to the court and to Astle, advising them that the journal entry of judgment was "disputed" because "the last correspondence [AirTran] received . . . was a Full Release of Wage Garnishment" and AirTran had not received any other order reinstating the garnishment. Teeter further requested that Astle send back-up documentation to support the garnishment if reinstatement of the garnishment was sought, and he enclosed a copy of the wage garnishment release.

Astle did not respond to Teeter's query, nor did SWB attempt to explain the seeming contradiction between the judgment taken by SWB and its continued acceptance of garnishment payments from AirTran or its eventual release of the garnishment. In fact, more than 1½ years passed with no further communications between the parties after Teeter's letter to the court and Astle explaining the perceived mix-up, although Astle did renew the original judgment against Beadle on December 7, 2005.

Then, at SWB's request, the district court issued a garnishment order on November 6, 2006, in the amount of $33,100.68, which showed the Sedgwick County Board of Commissioners as garnishee and AirTran as the judgment debtor. The Board answered, indicating it was indebted to AirTran in excess of the amount of the garnishment order. On December 7, 2006, the district court

ordered the Board to pay $33,100.68 to the clerk of the district court in satisfaction of SWB's judgment against AirTran.

On January 4, 2007, AirTran moved to set aside SWB's judgment against AirTran pursuant to K.S.A. 60-255(b) and K.S.A. 60-260(b). SWB opposed the motion, alleging the district court lacked jurisdiction to set aside the judgment because the motion was not filed within 10 days as required under the general default statute in Chapter 61 actions, K.S.A. 61-3301(c). The district court denied the motion, citing a lack of jurisdiction under K.S.A. 61-3301(c), and AirTran timely appeals.

*Discussion*

AirTran contends the district court erred in finding that K.S.A. 61-3301(c) applies to default judgments against garnishees and in concluding it lacked jurisdiction to set aside the judgment. SWB contends AirTran's motion was untimely and deprived the district court of jurisdiction.

Generally, the decision of whether to grant relief from a default judgment rests in the sound discretion of the district court, and appellate courts review that decision for an abuse of discretion. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). However, the issue raised in this appeal involves questions of jurisdiction and statutory interpretation, both of which are questions of law subject to de novo review. *Frost v. Cook*, 30 Kan. App. 2d 1270, 1272, 58 P.3d 112 (2002).

Application of K.S.A. 61-3301(c) to judgments under K.S.A. 61-3514

Attachment and garnishment proceedings are governed by Article 35 of Chapter 61, and SWB filed its default judgment motion under K.S.A. 61-3514. That statute permits the district court to enter judgment against a garnishee if the judgment creditor files a motion alleging the "garnishee fails to answer within the time and manner specified in the order of garnishment." K.S.A. 61-3514 provides in full:

"If the garnishee fails to answer within the time and manner specified in the order of garnishment, the judgment creditor may file a motion and shall send a

copy of the motion to the garnishee and the judgment debtor in the manner allowed under K.S.A. 61-2907, and amendments thereto. At the hearing on the motion, the court may grant judgment against the garnishee for the amount of the judgment creditor's judgment or claim against the judgment debtor or for such other amount as the court deems reasonable and proper, and for the expenses and attorney fees of the judgment creditor. If the claim of the plaintiff has not been reduced to judgment, the liability of the garnishee shall be limited to the judgment ultimately rendered against the judgment debtor."

Although not explicitly labeled as such in the statute, we note that a judgment against a garnishee for failure to answer a garnishment order is a default judgment. See Black's Law Dictionary 428 (7th ed. 1999) (defining default judgment as "[a] judgment entered as a penalty against a party who does not comply with an order").

While K.S.A. 61-3514 clearly provides specific authority for entering a default judgment against a garnishee, it does not set out a mechanism or procedure whereby a garnishee may move to set aside a default judgment. Hence, the garnishee in this case, AirTran, moved to set aside the judgment pursuant to K.S.A. 60-260(b).

The district court found that the 10-day time limitation of K.S.A. 61-3301(c) for setting aside a default judgment in Chapter 61 actions barred AirTran's motion here. However, in rejecting Air-Tran's motion, the district court indicated that it believed its result was neither fair nor contemplated by the legislature but was necessitated by the language of K.S.A. 61-3301(c). The court also noted "concerns" with the constitutionality of K.S.A. 61-3301 but found that, based upon the case law, it was not in a position to find the statute violated due process.

Thus, the primary question on appeal is whether the district court correctly concluded that the jurisdictional time limits set forth in K.S.A. 61-3301(c) apply to default judgments obtained under garnishment proceedings pursuant to K.S.A. 61-3514.

It is necessary to examine K.S.A. 61-3301 in its entirety to resolve this issue. That statute provides:

"(a) The court may enter a default judgment in the following situations:

(1) If a defendant fails to either appear or file a written answer on or before the time specified in the summons, judgment may be entered against the defend-

ant upon proof of service and at such time as the plaintiff requests same, without further notice to the defendant.

(2) If a defendant fails to appear at the time set for a pretrial or trial hereunder, judgment may be entered against the defendant at the request of the plaintiff without further notice to the defendant.

(3) If the defendant has filed a counterclaim against the plaintiff and the plaintiff fails to appear at the time set for a pretrial or trial hereunder, judgment may be entered against the plaintiff at the request of the defendant without further notice to the plaintiff.

"(b) A default judgment shall not be different in kind from or exceed the amount of the relief sought in the demand for judgment.

"(c) If a defendant seeks to set aside a default judgment for failure to appear at the time specified in the summons, the defendant shall file a motion not more than 10 days from the date of such judgment in a lawsuit where the defendant was personally served with summons within the state, or not more than 45 days where service of summons was by other than personal service within the state. *If any party seeks to set aside any other default judgment, that party shall file a motion not more than 10 days from the date of such judgment.* Any motion to set aside a default judgment, except for the time limits set forth above, shall be in accordance with the applicable provisions of subsection (b) of K.S.A. 60-260, and amendments thereto.

"(d) In cases where no service is had, for good cause shown, the court may set aside a default judgment pursuant to the applicable provisions of subsection (b) of K.S.A. 60-260, and amendments thereto." (Emphasis added.)

Our first task in determining the applicability of K.S.A. 61-3301 to the facts at hand is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007).

Focusing on the italicized language in paragraph (c) above, SWB argues that default judgments under K.S.A. 61-3514 come within the catchall phrase "any other default judgment" and, hence, a motion to set aside a judgment under that statute must be filed within the restrictive 10-day time limit of K.S.A. 61-3301(c).

The problem with SWB's analysis is that it fails to interpret the phrase "any other default judgment" in context with the other provisions of K.S.A. 61-3301. See *State v. Breedlove*, 285 Kan. 1006,

1015, 179 P.3d 1115 (2008) (when construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible).

First, and most importantly, K.S.A. 61-3301(a) sets out three distinct situations in which the district court may enter a default judgment in a limited action. Only one of those situations, 61-3301(a)(1), arguably applies here. That section permits a default judgment to be granted "if a defendant fails to either appear or file a written answer on or before the time specified in the summons."

As AirTran points out, the section excludes garnishments by its very language, as it specifically refers to a *"defendant's* fail[ure] to . . . appear." (Emphasis added.) K.S.A. 61-3301(a)(1). Clearly, a garnishee is not a defendant. Also, the statute refers to the defendant's failure to "file a written answer," yet under the current garnishment statutes, answers are no longer "filed" with the court. Instead, the procedures have been streamlined, and answers are filed with the debtor's attorney. Compare K.S.A. 61-2006 (Furse 1994) (repealed, L. 2000, ch. 161, sec. 117) with K.S.A. 61-3510. This distinction is particularly significant here, where AirTran issued replacement checks and a written answer prior to the date of the default hearing but did not "file" an answer with the court, as it was neither required nor permitted to do so. We simply cannot interpret K.S.A. 61-3301(a)(1) to permit the court to grant a default judgment against a party that is not a defendant and has not had an opportunity to file a written answer.

Our conclusion that K.S.A. 61-3301 does not apply to garnishment situations is buttressed by the language of section (b) of that statute, which mandates that "default judgment shall not be different in kind from or exceed the amount of the relief sought in the demand for judgment." K.S.A. 61-3301(b). Here, the "relief" sought by SWB from AirTran was the periodic garnishment of the earnings of AirTran's employee, Brian Beadle, to satisfy SWB's judgment against Beadle. Yet SWB obtained a default judgment against AirTran under K.S.A. 61-3514 for the full amount of the SWB's judgment against Beadle, the judgment debtor, plus attor-

ney fees, interest, and costs. Thus, SWB's default judgment against AirTran was different in kind and exceeded the amount of relief sought in the garnishment action—again verifying that K.S.A. 61-3301 does not apply to default judgments in garnishment actions.

Finally, because K.S.A. 61-3301(a) enumerates three specific situations in which the court may enter a default judgment, we read K.S.A. 61-3301(c), which provides time limits for filing a motion to set aside a default judgment, to apply only to default judgments entered under 61-3301(a). The first sentence of K.S.A. 61-3301(c) refers to the time limits—either 10 or 45 days depending on the method of service—in which a defendant must file a motion to set aside a default judgment entered under 61-3301(a)(1) for failure to appear at the time specified in the summons. The last sentence of K.S.A. 61-3301(c), which contains a catchall provision for a party that seeks to set aside "any other default judgment," refers to the time limit which applies to a motion to set aside any other default judgment entered under 61-3301(a).

We cannot reasonably interpret the catchall provision in section (c) of 61-3301 to apply to the entire Kansas Code of Civil Procedure for Limited Actions. Rather, we hold the phrase "any other default judgment" must be restricted to default judgments appropriately granted under 61-3301(a)(1), (2), or (3).

Application of case law interpreting K.S.A. 61-3301

Further, we find the two cases cited by SWB in support of its argument for application of the 10-day time limit in K.S.A. 61-3301 to be distinguishable. See *Kubicki v. Wyandotte County Race Training Stables*, 11 Kan. App. 2d 629, 731 P.2d 1288 (1987), and *Rose & Nelson v. Frank*, 25 Kan. App. 2d 22, 956 P.2d 729, *rev. denied* 265 Kan. 886 (1998).

In *Kubicki*, the plaintiff filed a Chapter 61 petition to recover $600 from the defendant. The defendant was personally served with summons and a copy of the petition but failed to answer or appear as directed in the summons. The district court entered a default judgment in favor of the plaintiff. Seventeen days later, the defendant moved to set aside the default judgment under K.S.A. 61-1721 (Ensley 1983), the predecessor to K.S.A. 61-3301, and the

district court granted the motion. On appeal, this court held that under the clear language of 61-1721, the defendant's failure to file the motion within 10 days deprived the district court of jurisdiction to set aside the default judgment. 11 Kan. App. 2d at 630-31.

In *Rose,* the plaintiffs filed a Chapter 61 petition to recover legal fees from the defendant. The district court granted a default judgment after the defendant was personally served but failed to appear at the time required in the summons. The defendant moved to set aside the default judgment 27 days after entry of judgment. Both the district magistrate judge and the district judge denied the motion, citing the 10-day limit in K.S.A. 61-1721 (Furse 1994). On appeal, the defendant asserted that her attorney had informal discussions with the plaintiff regarding mediation prior to the scheduled appearance date and argued that those discussions were sufficient to constitute an appearance.

The panel in *Rose* concluded (1) as a matter of law, informal communications between parties or between a party and opposing counsel do not constitute an appearance under 61-1721; (2) a defendant seeking to set aside a default judgment under 61-1721 must do so within the 10-day time limit; and (3) the 10-day time limit does not violate due process. 25 Kan. App. 2d at 26-28.

Thus, in *Rose* and *Kubicki,* this court interpreted 61-1721 to hold that the statutory time limits for filing a motion to set aside a default judgment were jurisdictional. SWB urges us to find that these cases require us to apply the successor statute, K.S.A. 61-3301, to the facts of this case. See L. 2000, ch. 161, sec. 117. While K.S.A. 61-3301, which was enacted in 2000, is substantively similar to its predecessors, that fact does not require its application here. See K.S.A.61-3301; K.S.A. 61-1721 (Ensley 1983; Furse 1994).

*Rose* and *Kubicki* are factually distinguishable from this case because both cases involved a defendant's failure to timely file a motion to set aside a default judgment properly granted under the predecessor default statute, K.S.A. 61-1721. Neither case involved a default judgment granted against a garnishee under a separate statute, and the court was not required in either case to consider the scope of the general default statute under Chapter 61. Accordingly, we do not find *Rose* or *Kubicki* persuasive in this case and

they do not impact our conclusion that the time limitations of K.S.A. 61-3301 do not apply to motions to set aside default judgments entered under K.S.A. 61-3514.

Moreover, we would note that the specific finding of *Rose*— that informal communications between a party and opposing counsel do not constitute an appearance under K.S.A. 61-1721(Furse 1994)—would be of questionable value in interpreting the time limits for filing a motion to set aside a default judgment in a garnishment action. As mentioned, under the current statutory scheme, the garnishee does not file a formal answer with the court; instead, it provides its answer to the debtor's attorney. Thus, the fact that the garnishee did not formally file an answer or pleading with the court may be of less significance in considering the validity of a default judgment taken under the garnishment statute.

Because we conclude the district court erred in finding that K.S.A. 61-3301 applies to motions to set aside default judgments entered under K.S.A. 61-3514, we reverse the district court's decision denying AirTran's motion to set aside SWB's default judgment and remand for further consideration as discussed below.

Application of K.S.A. 60-260 on remand

AirTran filed its motion to set aside the default judgment under K.S.A. 60-260, which allows relief from judgments or orders under the Kansas Code of Civil Procedure. That section is incorporated into the Kansas Code of Civil Procedure for Limited Actions and applies to Chapter 61 judgments as long as it does not conflict with other provisions of Chapter 61. See K.S.A. 61-2912(i); K.S.A. 61-3304. We conclude that because there are no specific provisions within K.S.A. 61-3514 regarding a garnishee's motion to set aside a default judgment and because K.S.A. 61-3301 does not apply to default judgments granted against garnishees, K.S.A. 60-260 applies to default judgments obtained under K.S.A. 61-3514.

The district court did not consider the merits of AirTran's argument under K.S.A. 60-260; instead, it concluded it lacked jurisdiction to consider the motion to set aside the default judgment because it was filed outside the 10-day time limit of K.S.A. 61-3301(c). In light of the district court's ruling, neither party ad-

dresses the application of K.S.A. 60-260 on appeal. Accordingly, we remand this case to the district court to consider whether AirTran's motion to set aside the default judgment should be granted under K.S.A. 60-260(b).

Because we have concluded that K.S.A. 61-3301 does not preclude AirTran's motion to set aside the default judgment, we need not consider AirTran's remaining argument on appeal that K.S.A. 61-3301(c) as applied in this case violates constitutional protections of due process and equal protection.

Reversed and remanded with directions.